# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | January 3, 2017 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2014-cv-950 |
| CASE NAME: | Linda Krupp v. Impact Acquisitions, LLC et al |
| NATURE OF HEARING: | Motion to strike, for protective order, and for sanctions |
| APPEARANCES: | Larry Johnson – Attorney for the plaintiff |
| | Timothy Maynard – Attorney for the plaintiff |
| | Summer Murshid – Attorney for the plaintiff |
| | Alex Campos -Attorney for the defendants |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 2:33 p.m. – 3:31 p.m. |

The court noted that it had ruled on all the pending motions except for the motion to strike, for protective order, and for sanctions. The court had reviewed the defendant's motion, the relevant letters, and the plaintiff's response and attached declaration. The court recounted that the motion alleged that in January 2016, counsel for the plaintiff had sent letters to putative class members; the motion alleged that these letters constituted "notices," which were sent in violation of the class action procedures provided for in the statutes. The motion alleged that the plaintiff had sent these letters to two individuals who never had worked for the defendant named in the original complaint. The court acknowledged that it had ruled on some motions "out of order," as it were, and so some of its rulings had resolved issues raised in this motion. For example, the court now had conditionally certified the class. The court also had allowed the defendants to amend the complaint; during the discovery process, the plaintiff had learned that the two individuals whom the defendant alleged had never worked for the defendant had worked for related LLC's; the amended complaint named those entities as defendants.

Counsel for the defendant argued that some of the letters that counsel for the plaintiff sent out went to individuals that the defendant never had employed. Counsel stood on his briefs, but reiterated his belief that it was improper for the plaintiff's counsel to have solicited putative class members by letter after the filing of the complaint.

Counsel for the plaintiff explained that the letters were advertisements, were clearly marked as advertisements, and complied with the Wisconsin Supreme Court's advertising rules. Counsel further explained that the letter was not a notice, but was an attorney solicitation protected by the First Amendment. Counsel went through the letter, demonstrating that nothing in the letter was false or misleading.

1

The court noted that counsel for the defendant had relied on <u>Woods v. New York Life Ins. Co.</u>, 686 F.2d 578, 580 (7th Cir. 1982) in support of his argument that inviting people to join the class after the complaint had been filed was improper. The court observed that in <u>Woods</u>, the Seventh Circuit had used the words "invitation" and "notice" interchangeably, indicating that it would not have been appropriate for plaintiffs' counsel to send out "invitations" after the filing of the complaint without defense counsel's knowledge. The court opined, however, that the full text of the opinion appeared to indicate that the Seventh Circuit had been talking about sending out class notices (judicial notices), not ads. The court also observed that the Seventh Circuit's statement constituted dicta. The court pointed out that in this case, the letters were clearly marked as advertisements, were on letterhead from Hawks Quindel SC, signed by Attorney Larry Johnson, and clearly stated that the firm represented the plaintiff and that the recipients of the letters "may" have a claim.

Counsel for the defendants stated that one of the individuals who had not worked for the original named plaintiff had returned a consent form, and that the plaintiffs wanted to take the deposition of his supervisor. Counsel argued that it would be costly to take this individual's deposition—in fact, that it would cost more than the individual's claim was worth. Counsel asked the court to stay discovery until after the opt-in period, to avoid the cost of conducting discovery for what might very well end up being a two-plaintiff case. Counsel for the plaintiff responded that the case had been pending for a very long time, and that it was time for discovery to proceed. He also noted that the plaintiff always was open to settlement discussions, and to the possibility of participating in mediation. The court explained the mediation process and the magistrate judge situation. In response to a comment that the court made regarding a magistrate judge's ability to mediate single issues, as opposed to the entire case, counsel for the plaintiff asked the court why the plaintiff could not simply settle the claim of the consenting plaintiff now, rather than waiting for the opt-in period to close. The court explained that once counsel had been designated as class counsel, the statutes, rules and case law required that any settlement be reached on behalf of the class, and be in the best interest of the class as a whole. Class counsel could not settle for an individual plaintiff.

The court concluded that the plaintiff did nothing inappropriate, unethical, or wrong in sending out the advertising letters, and that there was

no basis for imposing sanctions. The court **DENIES** the defendant's motion to strike, for protective order, and for sanctions. Dkt. No. 35.

Dated in Milwaukee, Wisconsin this 6th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3